Mr. Justice Teacher
delivered the opinion of the court.
Writ of error to the circuit court of Marshall county.
Perry instituted an action of assumpsit against Randolph and Dye, as copartners, to recover the value of work and labor alleged to have been performed for them. Randolph pleaded that he was not a partner, and also a plea of payment; and the suit having been dismissed as to Dye, a verdict and judgment were rendered for Randolph.
The evidence introduced on the trial below, on the part of the plaintiff, was to the effect that in the year 1839, Randolph and Dye mutually signed articles of agreement, in the usual form of copartnership articles, to establish and carry on a racecourse on the land of Randolph for the term of five years, to share the expense of completing the course, to share equally the profits therefrom, and, at the expiration of the term, Randolph was to pay Dye the value of one half the improvements upon the course, and become the sole proprietor. The articles contained the clause that “the instrument was not to be so construed as to make the parties partners in the contracting of debts.” Dye was to superintend the course and the erection of the improvements. The articles were not produced upon the trial, but were proved to have been lost. It was also offered to be proved on the behalf of the plaintiff, that although Dye employed him to do the work upon the course, Randolph was fre *343 quently present and giving orders and directions concerning it; and that Randolph did share the profits arising from the course after its completion. This testimony, was ruled out by the circuit court upon the trial.
Although it be true, that all who participate in the profits need not necessarily be considered as partners, in respect to the concern from which the profits arise, yet parties, when no partnership exists, may. still have so conducted themselves as to have induced others to give credit under the belief that such a partnership existed. Such cases are impositions by delusive appearances of a copartnership, and the parties are not to be protected by any private agreement of theirs that one shall not be held answerable for the other. The mere circumstance that in the copartnership agreement there is collaterally included a contract in relation to land, does not alter the nature or object of the main agreement, although it may show that as to the land alone, the parties might by the contract have constituted themselves joint tenants, or tenants in common. In other respects, they might still be partners. It is competent, also, to prove the existence of a copartnership by the production of its articles of agreement, if any exist; but where they cannot be produced for any sufficient cause, proof of their contents is admissible, and proof of the conduct of the parties is likewise admissible to show the nature, extent, and terms of the copartnership as it really existed.
The evidence offered was legitimate, for if it did not show the existence of an actual copartnership, it evolved circumstances tending to establish a state of things which had subjected the defendant to the liability of a copartner.
The deposition of William Gift, a witness, was objected to on the ground of his possessing an interest in the result of the suit. The deposition was permitted to be read, and went to show the payment by Dye of the debt sued for in the action. It appeared that Gift had bought out Dye’s interest in the racecourse, and had made himself liable for his share of the debts of the concern.
There was an issue of payment before the jury, as well as *344 the issue respecting the partnership, and if the latter issue failed for the defendant below, then it was for Gift’s interest to show that the account in suit had been settled. This deposition was therefore improperly admitted in evidence.
Judgment reversed, and new trial granted.
Clayton, J. gave no opinion, having been counsel.